UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                     :
NESTOR MANGUAL,                         :

                    Plaintiff,   :          19-CV-5973 (OTW)

          -against-         :         **OPINION & ORDER**

KILOLO KIJAKAZI, *Commissioner of Social Security*,   :

                    Defendant.   :
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

**I.    INTRODUCTION**

By motion dated July 15, 2021, Plaintiff Nestor Mangual ("Plaintiff") moved against Defendant Commissioner of Social Security ("Commissioner") for an order awarding attorney's fees pursuant to 42 U.S.C. § 406(b). Under a written contingency fee agreement ("Agreement") between Plaintiff and Daniel Berger, Esq., dated May 23, 2019, Plaintiff agreed to pay Mr. Berger 25% of his past due benefits pursuant to 42 U.S.C. § 406(b).[1] (ECF 26 Ex. A). By Notice of Award, dated July 06, 2021, the Social Security Administration ("SSA") concluded that Plaintiff's past due benefits amounted to $71,456.00. (ECF 26 Ex. D).

Counsel for Plaintiff moves for an award of $17,864.00, approximately 25% of past due benefits. (ECF 27). The Court previously awarded Plaintiff $6,393.40 for attorney's fees pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA"). (ECF 24). The Court offset $6,393.40 to $2,253.57 because of Plaintiff's outstanding federal debt in the amounts of

---

[1] Twenty-five percent of $71,456.00 is $17,864.00 ($71,456.00 x .25 = $17,864.00).

$3,893.28 and $300.55. (ECF 26 Ex. B). Counsel for Plaintiff seeks $17,864.00 and affirms that he will refund to Plaintiff the EAJA fees paid to counsel in the amount of $2,253.57. (ECF 27 at 6). The Commissioner does not object to the total requested fee amount, but requests the Court decide whether an hourly rate of $556.51 is reasonable and not a windfall. (ECF 32).

For the reasons set forth below, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. The SSA is directed to approve a payment of **$17,864.00** to the Law Offices of Daniel Berger, Esq., and upon receipt of that payment, Plaintiff's counsel shall refund **$2,253.57** to Plaintiff.

II.   DISCUSSION

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

Section 406(b) does not displace contingent-fee agreements as the primary means by which fees are established for effectively representing claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Rather, Section § 406(b) calls for court review of such arrangements to assure that they yield reasonable results in particular cases. *Gisbrecht*, 535 U.S. at 807. When determining whether to

grant a requested fee, courts are instructed to look to the contingent fee agreement, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. In determining a reasonable fee, courts consider three factors: (1) whether the requested fees exceed the statutory 25% cap, (2) whether there was fraud or overreach in the making of the agreement; and (3) whether the requested fees would represent a windfall to counsel. *Wells*, 907 F.2d at 372.

To determine whether an award of attorney's fees requested amounts to a windfall, courts consider three factors: (1) whether the attorney's efforts were successful for the plaintiff, (2) whether there is evidence of the attorney's efforts demonstrated through pleadings, and (3) whether the case was handled efficiently due to the attorney's experience handling social security cases. *Baron v. Astrue*, 311 F.Supp.3d 633, 637 (S.D.N.Y. 2018) (quoting *Blizzard v. Astrue*, 496 F.Supp.2d 320, 323 (S.D.N.Y. 2007)).

Here, these factors all weigh in favor of Plaintiff's request for approval of the 25% contingency fee. The requested fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A); (*see* ECF 26 Ex. D). There is no evidence that the Agreement was reached through fraud or overreach. Furthermore, the award does not constitute a windfall. Counsel secured a favorable result for Plaintiff. Counsel's work involved evaluating the merits of the potential appeal, initiating the civil action, and preparing Mr. Mangual's July 2021 Memorandum. (ECF 27 at 3). Additionally, counsel has several years of experience working exclusively on Social Security disability cases. (ECF 27 at 3). Counsel only worked 32.10 hours. (ECF 26 Ex. C); *See Borus v. Astrue*, 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *9 (S.D.N.Y. Sept. 28, 2012) (finding "twenty to forty hours" is a "reasonable amount of time to spend on routine Social Security cases").

Finally, an hourly rate alone is not determinative of whether the fee award is unreasonable. *Caraballo v. Comm'r of Soc. Sec.*, 17-CV-7205 (NSR) (LMS), 2020 WL 9815292, at *4 (S.D.N.Y. Mar. 13, 2020) (citing *Gisbrecht*, 535 U.S. at 808). Courts recognize that an imputed hourly rate is often not helpful in determining the reasonableness of the requested fee. *Kazanjian v. Astrue,* 09-CV-3678, 2011 WL 2847439 (E.D.N.Y. July 15, 2011). Rates as high as counsel's hourly rate of $556.51 have been approved or reduced by courts in this district. *Id.* Courts acknowledge that deference should be given to the negotiated agreement between plaintiff and counsel. *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. October 4, 2005) (quoting *Wells*, 907 F.2d at 371). Accordingly, a reduction in the agreed upon contingency amount should not be made lightly, particularly given the importance of encouraging attorneys to accept social security cases on a contingency basis. *Rodriguez v. Colvin*, 318 F.Supp.3d 653, 658 (S.D.N.Y. July, 24, 2018) (quoting *Blizzard*, 496 F. Supp.2d at 325).

Here, Plaintiff negotiated a 25% contingency fee with counsel which is estimated to have resulted in an hourly rate of $556.51 for 32.10 hours. (ECF 27 at 3). This hourly rate is lower than other effective hourly rates Courts in this circuit have held do not constitute a windfall. *See e.g. Caudy v. Colvin,* 13-CV-2314, 2020 WL 5440471, at *3 (S.D.N.Y. Sept. 9, 2020) (finding an hourly rate of $1,004.48 reasonable); *Valle v. Colvin*, 13-CV-2876, 2019 WL 2119941, at *3 (S.D.N.Y. May 15, 2019) (finding an hourly rate of $1079.72 reasonable); *Bate v. Berryhill*, 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13 2020) (finding an hourly rate of $1,506.32 reasonable). Counsel for Plaintiff should not be penalized for working efficiently on the case. *See Maier v. Apfel*, 95-CV-9264, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998). In

addition, plaintiff's case had inherent risk of nonpayment as evidenced by the fact that the ALJ denied plaintiff's application twice before it was reversed by the Appeals Council.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is **GRANTED**. The SSA is directed to approve a payment of **$17,864.00** to the Law Offices of Daniel Berger, Esq., and upon receipt of that payment, Plaintiff's counsel shall refund **$2,253.57** to Plaintiff.

The Clerk of Court is respectfully directed to close ECF 25.

**SO ORDERED.**

Dated: June 23, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge